UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| MARK F. FOTH, | CASE NO. 1:21-cv-01429 |
| Plaintiff, | ORDER |
|  | [Resolving Doc. 18] |
| v. |  |
| COMMISSIONER OF SOCIAL SECURITY, |  |
| Defendant. |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Mark Foth asks the Court review Defendant Social Security Commissioner's denial of Foth's 2015 benefits application.[1] Magistrate Judge Armstrong filed a Report and Recommendation recommending that this Court affirm the Commissioner's final denial decision.[2] For the reasons explained below, the Court **OVERRULES** Foth's objection, **ADOPTS** the Report and Recommendation, and **AFFIRMS** the Commissioner's decision.

This Court reviews de novo only magistrate judge findings that are objected-to. When no party objects, the Court may adopt a recommendation without review.[3] So, the Court adopts the unchallenged portions of the Report and Recommendation.

Plaintiff Foth objects to only one of the magistrate judge's recommendations. Specifically, Foth maintains that the administrative law judge improperly discounted Foth's treating physician's opinion about Foth's ability to work. The Court disagrees and overrules this objection.

---

[1] Doc. 1.
[2] Doc. 17.
[3] 28 U.S.C. § 636.

Case No. 1:21-cv-01429
GWIN, J.

Where, as here, the agency's Appeal's Council declines to review an administrative law judge's decision, the ALJ's decision becomes the Commissioner's final decision.[4] When reviewing the Social Security Commissioner's final decisions, district courts consider only whether substantial evidence supported the Commissioner's findings and whether the Commissioner applied the proper legal standards.[5]

Foth's two-part objection first challenges the ALJ's decision that Foth's lumbar-fracture-related back pain was not a severe impairment.[6] Second, Foth challenges the ALJ's decision about Foth's "residual functional capacity"—Foth's ability to work despite Foth's impairment.

Because substantial record evidence supports a finding that any Foth back pain was not severe, the Court affirms this decision. For example, in January 2015 Foth said that his back "was 95–97% better." And in October 2016, Foth reported he was walking two to three miles, once or twice each day, six days each week.[7]

Turning to Foth's residual functional capacity, the ALJ found that Foth can continue to do "light exertional" work, provided Foth alternates between sitting and standing for five minutes each hour and does not lift more than 20 pounds.[8]

The ALJ based his conclusion on Foth's medical records and six physicians' opinions. Five physicians agreed that Foth could sit for six hours and stand or walk for six hours per workday; occasionally lift between 20 and 50 pounds and frequently lift between 10 and 25 pounds; either never or only occasionally climb; and sometimes perform all other

---

[4] *See* 20 C.F.R. §§ 404.955, 404.981, 422.210.
[5] Rogers v. Comm'r of Soc. Sec., 486 F.3d 234 (6th Cir. 2007); 42 U.S.C. § 405(g).
[6] Doc. 6 at 22–24 (PageID 53–55).
[7] *Id.* (citing *id.* at 514–15, 883 (PageID 545–46, 914)).
[8] *Id.* at 25–31 (PageID 56–62).

- 2 -

Case No. 1:21-cv-01429
GWIN, J.

movements.[9]

Only treating physician Dr. Kiin Kim suggested that Foth's residual functional capacity was extremely limited. Dr. Kim provided a "checklist type form" that suggested Foth would be frequently off task, unfocused, or absent from any job. Dr. Kim also checked boxes suggesting that Foth could sit only three hours and stand or walk less than one hour per workday. Apart from briefly describing some imaging-test results, Dr. Kim did not support his findings with objective evidence or give any narrative explanation.[10]

Foth argues that the ALJ should have deferred to Dr. Kim's opinion because Dr. Kim was Foth's treating physician. For applications filed before March 27, 2017, a treating physician's opinion generally controls.[11] But even when the treating-source rule applies, the treating physician's opinion does not carry controlling weight if the opinion lacks support or is contradicted by the record.[12]

If the ALJ affords the treating physician's opinion less than controlling weight, the ALJ must offer "good reasons" for doing so. And the ALJ must decide how much weight the treating physician's opinion deserves based on "the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors."[13]

Here, the ALJ considered the weighting factors and afforded Dr. Kim's opinion "little weight."[14] The ALJ discounted Dr. Kim's opinion primarily because Foth's medical record

---

[9] *Id.*
[10] *Id.* at 30 (PageID 61).
[11] Hernandez v. Commr. of Soc. Sec., 644 Fed. Appx. 468, 473–74 (6th Cir. 2016); *see also* Cormany v. Kijakazi, No. 5:21-cv-933, 2022 WL 4115232, at *3 (N.D. Ohio Sept. 9, 2022) (discussing 2017 changes to the treating-physician rule).
[12] *See* Pruitt v. Comm'r of Soc. Sec., No. 22-5152, 2022 WL 4517094 (6th Cir. Sept. 28, 2022) (citing Rogers v. Comm'r of Soc. Sec., 486 F.3d 234 (6th Cir. 2007)).
[13] *Rogers*, 486 F.3d at 242–43.
[14] *Id.*

Case No. 1:21-cv-01429
GWIN, J.

and testimony contradicted Dr. Kim's findings. Although Dr. Kim checked boxes suggesting that Foth could stand or walk for less than an hour, Foth testified that he had in fact been walking two to three miles most days. Further, although Dr. Kim purportedly relied on imaging of Foth's back and shoulders to support his opinion, the medical record reflected only mild shoulder arthritis and normal back range of motion. [15]

Additionally, the ALJ considered Dr. Kim's "treating relationship" with Foth but noted that Dr. Kim lacked specialized "program knowledge."[16]

The ALJ properly addressed the relevant weighting factors.

The ALJ also fulfilled the good-reasons requirement. The weighting-factors discussion alone provided good reason to decline to afford Dr. Kim's opinion controlling weight. But the ALJ further noted that Dr. Kim gave his opinion in check-box form, which generally amounts to only "weak evidence" of an applicant's impairments.[17]

Dr. Kim's use of a checkbox form also means that, even if the ALJ had failed to sufficiently explain why he discounted Dr. Kim's opinion, any error would be harmless. When "a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it," any "insufficient discussion" of the weighting factors or good-reasons rule is harmless.[18] Check-box forms without accompanying narrative, in turn, are patently deficient.[19] So, any error was harmless.

For the foregoing reasons, the Court **OVERRULES** Foth's objection, **ADOPTS** the Report and Recommendation, and **AFFIRMS** the Commissioner's decision.

---

[15] Doc. 6 at 30 (PageID 61).
[16] *Id.*
[17] Pruitt v. Comm'r of Soc. Sec., No. 22-5152, 2022 WL 4517094 (6th Cir. Sept. 28, 2022) (quoting Hernandez v. Comm'r of Soc. Sec., 644 F. App'x 468, 474 (6th Cir. 2016)).
[18] *Hernandez*, 644 F. App'x at 474.
[19] *Id.*; *Pruitt*, 2022 WL 4517094, at *4.

Case No. 1:21-cv-01429
GWIN, J.

    IT IS SO ORDERED.

Dated: February 27, 2023          *s/    James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE